INHABITANTS OF LEE *vs.* INHABITANTS OF WINN.

Penobscot. Opinion December 27, 1883.

*Paupers. Pauper supplies.*

If a town furnish one of its paupers a house in which to live and land on which to work, he being poor and needy and unable to furnish them himself, the house and land thus furnished may be regarded as pauper supplies within the meaning of the law and be sufficient to prevent the pauper from acquiring a settlement by residence so long as he continues to occupy them.

It is not important in such a case to inquire by what means the town obtained the control of the house or land.

ON EXCEPTIONS and motion to set aside the verdict.

An action to recover for supplies furnished to one Andrew J. Brown. Writ was dated September 23, 1881. The only question was one of settlement at the time the supplies were furnished, in the summer and September, 1881.

The former settlement of the pauper in Winn was admitted. In 1865, he moved into Lee on to a farm then bought by him, and he has ever since resided there until he fell into want in 1881. At the time of his purchase of the farm he mortgaged the same back for two notes of $75.00 each, one of which he paid and a part of the other. In 1868, he fell in want, and Winn furnished him with certain supplies, and at or about the same time the overseers purchased and took an assignment of the mortgage in the name of the town, bearing date July 19, 1869, and had the same recorded. Counsel for defendants requested the court to instruct as follows, viz:

1. That the purchase of the mortgage from Bagley by the town was not a furnishing of supplies such as under the statutes had the effect to prevent the pauper from gaining a settlement in Lee.

2. That the payment of taxes upon the mortgaged premises under the circumstances detailed by the witnesses was not such a furnishing of supplies as would affect his settlement.

4. The motive of the party in the purchase of the mortgage in the name of the town cannot affect the legal quality of the act of so doing, but the legal effect of the act must be adjudged from the act itself. If in itself the purchase and holding of the mortgage was not in law a furnishing of supplies, it cannot be made so by proof of any improper motive on the part of the person engaged in effecting it.

The presiding justice refused the first and second, and also the first clause of the fourth request, and did instruct that "if Brown, the pauper, being in distress, applied for relief, and the overseers of Winn in good faith purchased the mortgage, the better to aid the pauper in supporting himself, and thereby preventing a foreclosure of the same, the pauper knowing of such purchase, it would be aid indirectly furnished as long as that condition of things continued, he meanwhile remaining all the time in need of such aid."

The verdict was for the plaintiffs and the defendants alleged exceptions and moved to set the verdict aside as against the law and evidence and the weight of evidence.

*J. Varney*, for the plaintiffs, cited: *Linneus* v. *Sidney*, 70 Maine, 114; *Veazie* v. *Chester*, 53 Maine, 29.

*A. W. Paine*, for the defendants, contended, that the purchase of the mortgage by the defendant town and quietly filing it away to await the final departure of the pauper was not a furnishing of pauper supplies within the meaning of the statutes; that it was not a supply directly or indirectly received by the pauper from the town of Winn; R. S., c. 24, § § 1, 6; that it was not a supply applied for by the pauper or received by him with a full knowledge that it was a pauper supply. Stat. 1873, c. 119.

Pauper supplies can only be furnished when there is a want. This mortgage was purchased to secure the use of the house and land that no "want" might arise which would render necessary the furnishing of pauper supplies. The want must precede the act of furnishing supplies.

What the town did was a commendable act of foresight. An act to ward off poverty and want, not to relieve it. It was of the class of acts practiced in every town, like the furnishing of employment to the poor in order to ward off want and distress. Counsel cited: *Standish* v. *Windham,* 1 Fairf. 99; *Standish* v. *Gray,* 18 Maine, 92; *Canaan* v. *Bloomfield,* 3 Maine, 172; *Wiscasset* v. *Waldoboro',* 3 Maine, 388; *Leeds* v. *Freeport,* 10 Maine, 356; *Milo* v. *Harmony,* 18 Maine, 415; *Corinna* v. *Hartland,* 70 Maine, 355; *Hampden* v. *Bangor,* 68 Maine, 368; *Oakham* v. *Sutton,* 13 Met. 192; *Veazie* v. *Chester,* 53 Maine, 31.

WALTON, J. We think the motion and exceptions must be overruled. No one can acquire a pauper settlement by having his home in a town for five successive years, if, during the time, he receives directly or indirectly, supplies as a pauper. And it is the opinion of the court that, if a town furnishes one of its paupers a house in which to live, and land on which to work, he being poor and needy and unable to furnish them himself, the house and land thus furnished may be regarded as pauper supplies within the meaning of the law, and be sufficient to prevent the pauper from acquiring a settlement by residence so long as he continues to occupy them. It is not important to inquire by what means the town has obtained the control of the house or land. It may be by lease, or by an absolute purchase, or by the purchase of a mortgagee's interest. It is enough that the use and possession of them are secured to the pauper by the town, he being poor and needy and unable to procure them himself. A house in which to live is as necessary as food or clothing; and if furnished by the town, because the pauper is in distress and in immediate need of such relief, the court entertains no doubt that it is as clearly a pauper supply as a coat or a barrel of flour would be. And the supply being continuous, and the reception of it continuous, the acquisition of a pauper settlement, while that condition of things continues, is impossible. Whether the pauper is destitute and in immediate need of such relief, and whether the relief is applied for or accepted by the pauper with

full knowledge that they are pauper supplies, are, of course, questions of fact for the jury.

In this case, we think the evidence was amply sufficient to justify the jury in finding that the pauper was in distress and in need of immediate relief; that one of his necessities was a house in which to live; that, although in one sense he owned a farm on which there was a suitable house, the farm was under mortgage, and the mortgagee was about to take possession; that in the exercise of a prudent foresight, and with a due regard for their own interests as well as the necessities of the pauper, the town in which the pauper then had a settlement, and by which he was then being supported, purchased the mortgage, and then permitted the pauper to occupy the mortgaged premises free from rent, and without collecting or attempting to collect of him any portion of the debt to secure which the mortgage was given; and that this was done with the full knowledge and acceptance of the pauper; and that this condition of things continued through the entire period of time during which it is claimed he acquired a settlement by a residence in the town of Lee. And the jury must have so found, as otherwise, under the instructions of the court, they could not have returned a verdict for the plaintiffs.

We think the instructions of the court were correct, and sufficiently full to enable the jury to decide the case understandingly; and that the defendants were not aggrieved by the withholding of any of their requested instructions; and we think the verdict of the jury is amply sustained by the evidence.

*Motion and exceptions overruled.*
*Judgment on the verdict.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.